# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| LEXOS MEDIA IP, LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> NIKE, INC. <br><br> *Defendant*. | Civil Action No. 2:22-cv-00311-JRG <br><br> **LEAD CASE** <br><br> **JURY TRIAL DEMANDED** |
| LEXOS MEDIA IP, LLC, <br><br> *Plaintiff,* <br><br> v. <br><br> WALMART INC, and WAL-MART.COM USA, LLC <br><br> *Defendants.* | Civil Action No. 2:22-cv-00316-JRG <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANTS WALMART INC.'S AND WAL-MART.COM USA, LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF LEXOS MEDIA IP, LLC'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendants Walmart Inc. and Wal-Mart.com USA, LLC (collectively, "Walmart"), by and through its undersigned counsel, hereby submits its Answer, Affirmative Defenses, and Counterclaims ("Answer") to the Complaint for Patent Infringement ("Complaint") filed by Plaintiff Lexos Media IP, LLC's ("Lexos Media IP" or "Plaintiff") dated August 17, 2022.

Walmart responds below to the allegations contained in the numbered paragraphs of Plaintiff's Complaint. Walmart denies all allegations in the Complaint unless expressly admitted in the following paragraphs. Any factual allegation admitted below is admitted only as to the specific admitted facts, and not as to any purported conclusions, characterizations, or implications

that might follow from the admitted facts.

Walmart repeats the headings set forth in the Complaint to simplify comparison of the Complaint and this Answer. In doing so, Walmart makes no admissions regarding the substance of the headings or any other allegations of the Complaint. Unless otherwise stated, to the extent that a particular heading can be construed as an allegation, Walmart specifically denies all such allegations.

## **THE PARTIES**

1. Walmart lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint, and therefore denies them.

2. Walmart lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint, and therefore denies them.

3. Walmart admits that Walmart Inc. is a Delaware corporation. Walmart admits that it may be served with process through its registered agent, CT Corp. System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201. Except as so expressly admitted, Walmart denies the remaining allegations in paragraph 3 of the Complaint.

4. Walmart admits that Wal-Mart.com is a California limited liability company. Walmart admits that it may be served with process through its registered agent, CT Corp. System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201. Except as so expressly admitted, Walmart denies the remaining allegations in paragraph 4 of the Complaint.

5. Walmart admits the allegations in the first and last sentence of paragraph 5 of the Complaint. Walmart lacks knowledge and information sufficient to form a belief as to the truth of the allegations of the second sentence of paragraph 2 of the Complaint, and therefore denies them.

6. Walmart admits that paragraph 6 purports to recite statements made in the Walmart

2022 Annual Report at 6.

7. Walmart admits that paragraph 7 purports to recite statements made in the Walmart 2022 Annual Report at 6. Walmart denies the remaining allegations, conclusions, characterizations, or implications in paragraph 7 of the Complaint.

8. Walmart admits that paragraph 8 purports to recite statements made in the Walmart 2022 Annual Report at 6. Walmart denies the remaining allegations, conclusions, characterizations, or implications in paragraph 8 of the Complaint.

9. Walmart admits that paragraph 9 purports to recite statements made in the Walmart 2022 Annual Report at 6.

10. Walmart admits that paragraph 10 purports to recite statements made in the Walmart 2022 Annual Report at 7. Walmart denies the remaining allegations, conclusions, characterizations, or implications in paragraph 10 of the Complaint.

11. Walmart admits that paragraph 11 purports to recite statements made in the Walmart 2022 Annual Report at 8. Walmart denies the remaining allegations, conclusions, characterizations, or implications in paragraph 11 of the Complaint.

12. Walmart admits that paragraph 12 purports to recite statements made in the Walmart 2022 Annual Report at 6. Walmart denies the remaining allegations, conclusions, characterizations, or implications in paragraph 12 of the Complaint.

13. Walmart admits that paragraph 13 purports to recite statements made in the Walmart 2022 Annual Report at 8. Walmart denies the remaining allegations, conclusions, characterizations, or implications in paragraph 13 of the Complaint.

14. Walmart admits that paragraph 14 purports to recite statements made in the Walmart 2022 Annual Report at 8. Walmart denies the remaining allegations, conclusions,

characterizations, or implications in paragraph 14 of the Complaint.

15. Walmart denies the allegations in paragraph 15 of the Complaint.

16. Walmart denies the allegations in paragraph 16 of the Complaint.

17. Walmart denies the allegations in paragraph 17 of the Complaint.

18. Walmart denies the allegations, conclusions, characterizations, or implications in paragraph 18 of the Complaint.

19. Walmart denies the allegations, conclusions, characterizations, or implications in paragraph 19 of the Complaint.

20. Walmart admits that paragraph 20 purports to recite statements made at https://sellerhelp.walmart.com. Walmart denies the remaining allegations, conclusions, characterizations, or implications in paragraph 20 of the Complaint.

21. Walmart denies the allegations, conclusions, characterizations, or implications in paragraph 21 of the Complaint.

22. Walmart admits that paragraph 22 purports to recite statements made at https://www.walmart.com/cp/returns/1231920. Walmart denies the remaining allegations, conclusions, characterizations, or implications in paragraph 22 of the Complaint.

23. Walmart denies the allegations, conclusions, characterizations, or implications in paragraph 23 of the Complaint.

24. Walmart denies the allegations, conclusions, characterizations, or implications in paragraph 24 of the Complaint.

## JURISDICTION AND VENUE

25. Walmart admits that Plaintiff purports to bring a patent infringement action under 35 U.S.C. §§ 271 and 281, *et seq.* but denies any such patent infringement as alleged by Lexos

Media IP.

26. The allegations of paragraph 26 state a legal contention to which no response is required. To the extent that a response is nonetheless deemed to be required, Walmart admits that jurisdiction for such an action is proper pursuant to 28 U.S.C. §§ 1331 and 1338(a).

27. Walmart will not contest, for purposes of this action only, whether this Court has personal jurisdiction over it. Walmart denies the remaining allegations of paragraph 27 of the Complaint.

28. Walmart denies the allegations, conclusions, characterizations, or implications in paragraph 28 of the Complaint.

29. Walmart admits that paragraph 29 purports to recite information from (https://corporate.walmart.com/about/texas) that contains the number and location of Walmart stores in Texas.

30. Walmart admits that paragraph 30 purports to recite to information from (https://www.walmart.com/store/directory/tx) that provides a "Texas Store Directory".

31. Walmart admits it has places of business throughout the state of Texas. Walmart denies the remaining allegations, conclusions, characterizations, or implications in paragraph 31 of the Complaint.

32. Walmart denies "Global Tech" has an office in Plano, Texas. Walmart denies the remaining allegations, conclusions, characterizations, or implications in paragraph 32 of the Complaint.

33. Walmart.com will not contest, for purposes of this action only, whether this Court has personal jurisdiction over it. Walmart.com denies the remaining allegations of paragraph 33 of the Complaint.

34. Walmart.com admits it has at least two fulfillment centers throughout the state of Texas. Walmart denies the remaining allegations in paragraph 34 of the Complaint.

35. Walmart.com admits the allegations of paragraph 35 of the Complaint.

36. Walmart.com admits that it has a facility located at 15101 N. Beach Street in Denton County and that it has registered as a taxpayer with the Texas Comptroller of Public Accounts as alleged in paragraph 36 of the Complaint.

37. The allegations of paragraph 37 regarding personal jurisdiction state a legal contention to which no response is required. To the extent a response is required, Walmart will not contest, for purposes of this action only, whether this Court has jurisdiction over it pursuant to due process and/or the Texas Long Arm Statute.

38. Walmart denies the allegations in paragraph 38 of the Complaint.

39. Walmart admits it has places of business in the cities listed in paragraph 39 of the Complaint. Walmart denies the remaining allegations, conclusions, characterizations, or implications in paragraph 39 of the Complaint.

40. Walmart admits it has a place of business in Plano, Texas but lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 40 of the Complaint, and on that basis denies them.

41. Walmart incorporates its answers to Paragraphs 35-37 herein.

42. Walmart admits it has facilities located in the Eastern District of Texas. Walmart denies the remaining allegations, conclusions, characterizations, or implications in paragraph 42 of the Complaint.

**THE ASSERTED PATENTS**

43. Walmart admits that a document purporting to be the '102 Patent is attached to the

Complaint as Exhibit 1. Walmart admits that the first page of Exhibit 1 recites a title of "Server system and method for modifying a cursor image" and has an issue date of November 30, 1999.

44. Walmart admits that a document purporting to be the '449 Patent is attached to the Complaint as Exhibit 2. Walmart admits that the first page of Exhibit 2 recites a title of "Server system and method for modifying a cursor image" and has an issue date of September 12, 2000.

45. Walmart lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 45 of the Complaint, and on that basis denies them.

**THE INNOVATION OF THE ASSERTED PATENTS**

46. Walmart lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 46 of the Complaint, and on that basis denies them.

47. Walmart lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 47 of the Complaint, and on that basis denies them.

48. Walmart lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 48 of the Complaint, and on that basis denies them.

49. Walmart lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 49 of the Complaint, and on that basis denies them.

50. Walmart lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 50 of the Complaint, and on that basis denies them.

51. Walmart lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 51 of the Complaint, and on that basis denies them.

**THE ESTABLISHED VALIDITY OF THE ASSERTED PATENTS**

52. Walmart lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 52 of the Complaint, and on that basis denies them.

## THE CURSOR MODIFICATION ACCUSED INSTRUMENTALITY

53. Walmart denies the allegations in paragraph 52 of the Complaint.

54. Walmart admits that paragraph 54 purports to recite statements made in the Walmart 2015 Annual Report at 1. Walmart denies the remaining allegations, conclusions, characterizations, or implications in paragraph 54 of the Complaint..

55. Walmart admits that paragraph 55 purports to recite statements made in the Walmart 2015 Annual Report at 1. Walmart denies the remaining allegations, conclusions, characterizations, or implications in paragraph 55 of the Complaint.

56. Walmart denies the allegations, conclusions, characterizations, or implications in paragraph 56 of the Complaint.

57. Walmart admits that paragraph 57 purports to recite statements made in the Walmart 2015 Annual Report at 2. Walmart denies the remaining allegations, conclusions, characterizations, or implications in paragraph 57 of the Complaint.

58. Walmart admits that paragraph 58 purports to recite statements made in the Walmart 2015 Annual Report. Walmart denies the remaining allegations, conclusions, characterizations, or implications in paragraph 58 of the Complaint.

59. Walmart admits that paragraph 59 purports to recite statements made in the Walmart 2015 Annual Report at 3. Walmart denies the remaining allegations, conclusions, characterizations, or implications in paragraph 59 of the Complaint.

60. Walmart admits that paragraph 60 purports to recite statements made in the Walmart 2015 Annual Report at 5. Walmart denies the remaining allegations, conclusions, characterizations, or implications in paragraph 60 of the Complaint.

61. Walmart denies the allegations in paragraph 61 of the Complaint.

62. Walmart denies the allegations in paragraph 62 of the Complaint.

63. Walmart denies the allegations in paragraph 63 of the Complaint.

**FIRST CLAIM FOR RELIEF**
**(INFRINGEMENT OF THE '102 PATENT)**

64. Walmart denies the allegations in paragraph 64 of the Complaint.

65. Walmart denies the allegations of paragraph 65 of the Complaint.

66. Walmart denies the allegations of paragraph 66 of the Complaint.

67. Walmart denies the allegations in paragraph 67 of the Complaint.

68. Walmart denies the allegations of paragraph 68 of the Complaint.

69. Walmart denies the allegations of paragraph 69 of the Complaint.

70. Walmart denies the allegations of paragraph 70 of the Complaint.

71. Walmart denies the allegations of paragraph 71 of the Complaint.

72. Walmart denies the allegations in paragraph 72 of the Complaint.

73. Walmart denies the allegations in paragraph 73 of the Complaint.

74. Walmart denies the allegations in paragraph 74 of the Complaint.

75. Walmart denies the allegations in paragraph 75 of the Complaint.

76. Walmart denies the allegations in paragraph 76 of the Complaint.

77. Paragraph 77 asserts legal conclusions to which no response is required. To the extent paragraph 77 contains any allegations that require a response, Walmart denies the allegations.

78. Walmart denies the allegations in paragraph 78 of the Complaint.

**SECOND CLAIM FOR RELIEF**
**(INFRINGEMENT OF THE '449 PATENT)**

79. Walmart denies the allegations in paragraph 79 of the Complaint.

80. Walmart denies the allegations in paragraph 80 of the Complaint.

81. Walmart denies the allegations in paragraph 81 of the Complaint.

82. Walmart denies the allegations in paragraph 82 of the Complaint.

83. Walmart denies the allegations in paragraph 83 of the Complaint.

84. Walmart denies the allegations in paragraph 84 of the Complaint.

85. Walmart denies the allegations in paragraph 85 of the Complaint.

86. Walmart denies the allegations in paragraph 86 of the Complaint.

87. Walmart denies the allegations in paragraph 87 of the Complaint.

88. Walmart denies the allegations in paragraph 88 of the Complaint.

89. Walmart denies the allegations in paragraph 89 of the Complaint.

90. Walmart denies the allegations in paragraph 90 of the Complaint.

91. Walmart incorporates its responses to the allegations in paragraphs 65-76 of the Complaint and denies same.

92. Walmart denies the allegations in paragraph 92 of the Complaint.

93. Paragraph 93 asserts legal conclusions to which no response is required. To the extent paragraph 93 contains any allegations that require a response, Walmart denies the allegations.

94. Walmart denies the allegations in paragraph 94 of the Complaint.

## JURY DEMAND

95. This paragraph contains a demand for a jury trial to which no response is required. To the extent a response is required, Walmart demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

The section of the Complaint entitled "Prayer for Relief" sets forth the statement of relief

requested by Plaintiff, to which no response is required. To the extent a response is required, Walmart denies that Plaintiff is entitled to any of the relief sought in its prayer for relief or any other relief, and requests that the Court deny all such relief to Plaintiff in its entirety and with prejudice.

## AFFIRMATIVE DEFENSES

96. Subject to the responses above, Walmart alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. Walmart's investigation of its defenses is continuing, and Walmart expressly reserves the right to allege and assert any additional defenses under Rule 8 of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at law in or in equity, that may now exist or in the future be available based upon discovery and further investigation in this case.

## FIRST DEFENSE
### (Non-Infringement)

97. Walmart has not and does not infringe, contribute to the infringement of, or actively induce others to infringe, either literally, indirectly, or by the application of the doctrine of equivalents, any valid and enforceable claim of the Asserted Patents, and has not otherwise committed any acts in violation of 35 U.S.C. § 271.

## SECOND DEFENSE
### (Invalidity)

98. The claims of the Asserted Patents are neither valid nor enforceable for failure to comply with the requirements of patentability, including without limitation failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 251.

99. The claims of the Asserted Patents are invalid under 35 U.S.C. § 101 because the

claims are directed to abstract ideas, and/or other patent-ineligible subject matter.

100. The claims of the Asserted Patents are invalid under 35 U.S.C. § 102 because the claims lack novelty and are taught and suggested by the prior art.

101. The claims of the Asserted Patents are invalid under 35 U.S.C. § 103 because the claims are obvious in view of the prior art.

102. The claims of the Asserted Patents are invalid for failure to satisfy the conditions set forth in 35 U.S.C. § 112, including failure of written description, lack of enablement, and claim indefiniteness.

103. On information and belief, the claims of the Asserted Patents are invalid for failure to satisfy the conditions set forth in 35 U.S.C. § 116.

104. The claims of the Asserted Patents are invalid for failure to satisfy the conditions set forth in 35 U.S.C. § 251.

**THIRD DEFENSE**
**(Preclusion of Costs)**

105. To the extent that any claim of the Asserted Patents is held to be invalid, Plaintiff is precluded from recovering costs related to this action pursuant to 35 U.S.C. § 288.

**FOURTH DEFENSE**
**(Limitations on Damages)**

106. Any claim for damages for infringement of the Asserted Patents are barred, in whole or in part, by 35 U.S.C. § 286 and 35 U.S.C. § 287.

107. Accordingly, Plaintiff is barred from recovering damages, in whole or in part, by 35 U.S.C. § 287.

**FIFTH DEFENSE**
**(No Exceptional Case)**

108. Plaintiff cannot prove that this is an exceptional case justifying an award of attorney fees against Walmart pursuant to 35 U.S.C. § 285.

## SIXTH DEFENSE
### (Prosecution History Estoppel and/or Disclaimer)

109. By reason of statements, representations, concessions, admissions, arguments, and/or amendments, whether explicit or implicit, made by or on behalf of the applicant during the prosecution of the patent applications that led to the issuance of the Asserted Patents, Plaintiff's claims of patent infringement are barred, in whole or in part, by the doctrine of prosecution history estoppel is further estopped from construing any valid claim of the Asserted Patents to cover any accused method, system, and/or product of Walmart.

## SEVENTH DEFENSE
### (Failure to State a Claim)

110. Plaintiff's claims are barred, in whole or in part, because the Complaint fails to state a claim upon which relief can be granted. Specifically the alleged activity of which Walmart has been accused falls outside the damages period and the patents-in-suit had expired.

## RESERVATION OF AFFIRMATIVE DEFENSES

111. Walmart may have other separate and additional defenses of which it is not presently aware and hereby reserves the right to raise such defenses by amendment of this Answer, including to conform to proof at trial. Walmart therefore reserves all defenses under the Federal Rules of Civil Procedure, including those listed in Rule 8(c), the Patent Laws of the United States and any other and additional defenses, at law or in equity, that are now or may become available or appear during, or as a result of, discovery proceedings in this action.

## COUNTERCLAIMS

112. Counterclaimant Walmart Inc. and Wal-Mart.com USA, LLC (collectively, "Walmart"), by and through its undersigned counsel, counterclaims and alleges against Lexos Media IP, LLC ("Lexos Media IP") as follows:

## THE PARTIES

113. Walmart is a corporation organized under the laws of Delaware.

114. Wal-Mart.com USA, LLC is a corporation organized under the laws of California.

115. On information and belief, based on representations made in the Complaint, Lexos Media IP is a corporation organized under the laws of Delaware with its principal place of business at 555 Republic Drive, 2nd Floor, Plano, Texas 75074-5481.

## JURISDICTION AND VENUE

116. Walmart brings these counterclaims under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (federal question), 1338(a) (patents), 2201 and 2202 (declaratory judgment), and 1367(a) (supplemental jurisdiction).

117. Lexos Media IP has consented to personal jurisdiction in this Court by virtue of filing its Complaint in the above-captioned case.

118. Venue is proper with respect to each of the following Counterclaims pursuant to 28 U.S.C. § 1391.

## FIRST COUNTERCLAIM
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '102 PATENT

119. Walmart repeats and incorporates by reference the allegations contained in the preceding paragraphs of this Answer as if set forth fully herein.

120. Lexos Media IP purports to charge Walmart with infringement of the '102 Patent in its Complaint.

121. Walmart has not directly infringed, induced infringement, or contributed to infringement, and does not directly infringe, induce infringement, or contribute to infringement, of any valid and enforceable claim of the '102 Patent, either literally or under the Doctrine of Equivalents, and has not otherwise committed any acts in violation of 35 U.S.C. § 271.

122. An actual and justiciable controversy exists between Walmart and Lexos Media IP with respect to the infringement of the '102 Patent, because Lexos Media IP has filed the instant Complaint alleging that Walmart infringes the '102 Patent and Walmart denies that allegation.

123. A judicial declaration of non-infringement is necessary and appropriate in order to resolve this controversy and to prevent Lexos Media IP from wrongfully continuing to allege that Walmart infringes the '102 Patent.

124. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Walmart requests the declaration of the Court that Walmart does not infringe and has not infringed each and every claim of the '102 Patent.

**SECOND COUNTERCLAIM**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '102 PATENT**

125. Walmart repeats and incorporates by reference the allegations contained in preceding paragraphs of this Answer as if set forth fully herein.

126. Lexos Media IP purports to charge Walmart with infringement of the '102 Patent in its Complaint.

127. Lexos Media IP asserts that the '102 Patent is valid and enforceable.

128. The claims of the '102 Patent are neither valid nor enforceable for failure to comply with the requirements of patentability, including without limitation failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 251.

129. An actual and justiciable controversy exists between Walmart and Lexos Media IP with respect to the validity of the '102 Patent, because Lexos Media IP has filed the instant Complaint alleging that Walmart infringes valid and enforceable claims of the '102 Patent and Walmart denies that allegation.

130. A judicial declaration of invalidity is necessary and appropriate in order to resolve this controversy and to prevent Lexos Media IP from wrongfully continuing to allege that Walmart infringes the valid and enforceable claims of the '102 Patent.

131. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Walmart requests the declaration of the Court that the asserted claims of the '102 Patent are invalid.

## THIRD COUNTERCLAIM
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '449 PATENT

132. Walmart repeats and incorporates by reference the allegations contained in the preceding paragraphs of this Answer as if set forth fully herein.

133. Lexos Media IP purports to charge Walmart with infringement of the '449 Patent in its Complaint.

134. Walmart has not directly infringed, induced infringement, or contributed to infringement, and does not directly infringe, induce infringement, or contribute to infringement, of any valid and enforceable claim of the '449 Patent, either literally or under the Doctrine of Equivalents, and has not otherwise committed any acts in violation of 35 U.S.C. § 271.

135. An actual and justiciable controversy exists between Walmart and Lexos Media IP with respect to the infringement of the '449 Patent, because Lexos Media IP has filed the instant Complaint alleging that Walmart infringes the '449 Patent and Walmart denies that allegation.

136. A judicial declaration of non-infringement is necessary and appropriate in order to resolve this controversy and to prevent Lexos Media IP from wrongfully continuing to allege that Walmart infringes the '449 Patent.

137. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Walmart requests the declaration of the Court that Walmart does not infringe and has not infringed each and every claim of the '449 Patent.

**FOURTH COUNTERCLAIM**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '449 PATENT**

138. Walmart repeats and incorporates by reference the allegations contained in preceding paragraphs of this Answer as if set forth fully herein.

139. Lexos Media IP purports to charge Walmart with infringement of the '449 Patent in its Complaint.

140. Lexos Media IP asserts that the '449 Patent is valid and enforceable.

141. The claims of the '449 Patent are neither valid nor enforceable for failure to comply with the requirements of patentability, including without limitation failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 251.

142. An actual and justiciable controversy exists between Walmart and Lexos Media IP with respect to the validity of the '449 Patent, because Lexos Media IP has filed the instant Complaint alleging that Walmart infringes valid and enforceable claims of the '449 Patent and Walmart denies that allegation.

143. A judicial declaration of invalidity is necessary and appropriate in order to resolve this controversy and to prevent Lexos Media IP from wrongfully continuing to allege that Walmart infringes the valid and enforceable claims of the '449 Patent.

144. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Walmart requests the declaration of the Court that the asserted claims of the '449 Patent are invalid.

## JURY DEMAND

145. Pursuant to Federal Rule of Civil Procedure 38(c) and Local Rule 38(a), Walmart hereby demands a jury trial on all issues so triable.

## REQUEST FOR RELIEF

146. In light of the foregoing, Walmart asks this Court to enter judgment in favor of Walmart and against Lexos Media IP by granting the following relief:

147. Dismissing, with prejudice, Lexos Media IP's Complaint against Walmart in its entirety;

148. Denying all relief that Lexos Media IP seeks in its Complaint;

149. Entering a judgment in favor of Walmart that Lexos Media IP shall take nothing by its Complaint;

150. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., a declaration by the Court that Walmart does not infringe any claim of any Asserted Patents under any theory including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement);

151. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., a declaration by the Court that the asserted claims of the Asserted Patents are invalid;

152. Finding this case to be exceptional under 35 U.S.C. § 285 and awarding Walmart its attorneys' fees pursuant thereto;

153. Awarding Walmart its costs, expenses, disbursements, and attorneys' fees incurred in connection with this action; and

154. Awarding Walmart any other relief that the Court deems just and proper.

Dated: October 24, 2022

Respectfully submitted,

By: */s/ Eric H. Findlay*
Eric H. Findlay
State Bar No. 00789886
Brian Craft
State Bar No. 04972020
FINDLAY CRAFT, P.C.
102 N. College Ave. Suite 900
Tyler, Texas 75702
Tel: (903) 534-1100
Fax: (903) 534-1137
Email: efindlay@findlaycraft.com
Email: bcraft@findlaycraft.com

***COUNSEL FOR DEFENDANT WALMART INC.***

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 24, 2022, the foregoing document was filed electronically in compliance with Local Rule CV-5(a). This motion was served on all counsel by electronic filing.

*/s/ Eric H. Findlay*
Eric H. Findlay