**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| LEXOS MEDIA IP, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | LEAD CASE No. 2:22-CV-00311 |
| v. | ) | |
| | ) | |
| NIKE, INC., | ) | |

| | | |
|---|---|---|
| LEXOS MEDIA IP, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | [Case No. 2:22-cv-00275-JRG] |
| v. | ) | Member Case |
| | ) | |
| CDW LLC., | ) | |

## AMENDED ANSWER TO FIRST AMENDED COMPLAINT

Defendant CDW LLC ("CDW"), by its attorneys, Marshall, Gerstein & Borun LLP,

hereby submits its Amended Answer to the First Amended Complaint of Plaintiff Lexos Media

IP, LLC ("Plaintiff" or "Lexos").

## PARTIES

1.      Plaintiff Lexos Media IP is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located at 555 Republic Drive, 2nd Floor, Plano, Texas 75074-5481. Lexos Media IP is the intellectual property holding company of Lexos Media, Inc. ("Lexos Media") and owns intellectual property associated with the business of that company. Lexos Media IP has had its principal place of business located in Plano, Texas since 2015.

**ANSWER:**      CDW is without information sufficient to form a belief as to such allegations and,

on that basis, denies the same.

2.      Lexos Media was founded in 2009. Lexos Media is a digital advertising technology company that pioneered the use of dynamic cursor modification to promote the online purchase and use of products and services likely of interest to users of e-commerce websites. Lexos Media has provided a technology framework for delivering online advertising in

which images and content are deployed in connection with a cursor. Lexos Media has provided this technology framework through two divisions -- AdBull and Cursor Marketing -- both of which provided technology that could be used to modify an Internet user's cursor to display content such as an image or other message to promote the online purchase and use of products and services. Lexos Media IP has been engaged in licensing this technology both in the online marketing space as well as other fields.

**ANSWER:**   CDW is without information sufficient to form a belief as to such allegations and, on that basis, denies the same.

3.    CDW is an Illinois limited liability company with its principal place of business in Vernon Hills, Illinois 60061. CDW is a multi-brand provider of information technology solutions to small, medium and large business, government, education and healthcare customers in the United States. Defendant may be served through its registered agent Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703.

**ANSWER:**   CDW admits that it is an Illinois limited liability company with its principal place of business located at 200 North Milwaukee Avenue, Vernon Hills, Illinois 60061. CDW admits that it may be served with process by serving its registered agent, Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, Illinois 62703. CDW further admits that it is a leading provider of technology solutions and it serves customers in the United States and other countries.  CDW denies all other allegations of Paragraph 3.

## JURISDICTION AND VENUE

4.    This is an action for patent infringement arising under the patent laws of the United States of America, Title 35, United States Code.

**ANSWER:**   CDW admits that Plaintiff's Complaint purports to state causes of action under the United States patent laws and that, therefore, the Court has subject matter jurisdiction over Plaintiffs' claims. CDW otherwise denies the allegations of this paragraph, and specifically denies any infringement of any valid and enforceable claim of any patent identified in this Amended Complaint, and denies that it has conducted any acts in this forum that subject it to specific or general jurisdiction as alleged.

5.      This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:**      CDW admits that district courts have original jurisdiction over civil actions

arising out of the laws of the United States. CDW admits that district courts have original

jurisdiction over civil actions arising out of the patent laws of the United States. CDW otherwise

denies the allegations of this paragraph, and specifically denies any infringement of any valid

and enforceable claim of any patent identified in this Amended Complaint, and denies that it has

conducted any acts in this forum that subject it to specific or general jurisdiction as alleged.

6.      CDW is subject to the specific personal jurisdiction of this Court because Lexos Media IP's claims for patent infringement against CDW arise from CDW's acts of infringement in the State of Texas. These acts of infringement include operating an interactive website using the patented inventions, making that website available to persons in the State of Texas, and facilitating the sale of products and services through that website to those persons. CDW operates and controls the cdw.com interactive website.

**ANSWER:**      CDW denies that it has made, used, offered for sale, sold, imported, advertised,

made available and/or marketed products and services within the State of Texas, or within the

Eastern District of Texas, that infringe and/or flow from infringement of the patents-in-suit, and

denies that there exist sufficient contacts with this forum for the exercise of personal jurisdiction

over it with respect to the causes of action asserted.

7.      CDW has an office located in the Eastern District of Texas at 5908 Headquarters Drive, Suite 400, Plano, TX 75024. Upon information and belief, CDW also has offices located in San Antonio, Austin, Houston and other Texas cities.

**ANSWER:**      CDW admits that it has an office located at 5908 Headquarters Drive, Suite 400,

Plano, TX 75024. CDW admits that it has offices in San Antonio, Austin, and Houston.

8.      The activities conducted by CDW and its employees at these facilities located in Texas are substantially related to CDW's infringing activities conducted in this state.

**ANSWER:**      CDW denies that it has made, used, offered for sale, sold, imported, advertised,

made available and/or marketed products and services within the State of Texas, or within the

Eastern District of Texas, that infringe and/or flow from infringement of the patents-in-suit.

CDW denies all other allegations in this paragraph.

9.    In view of these facts, this Court has personal jurisdiction over CDW under the Texas long-arm statute, TEX. CIV. PRAC. & REM. CODE § 17.042.

**ANSWER:**    CDW denies that it has made, used, offered for sale, sold, imported, advertised,

made available and/or marketed products and services within the State of Texas, or within the

Eastern District of Texas, that infringe and/or flow from infringement of the patents-in-suit, and

denies that there exist sufficient contacts with this forum for the exercise of personal jurisdiction

over it with respect to the causes of action asserted. CDW denies all other allegations in this

paragraph.

10.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b). CDW has committed the acts of infringement alleged herein and has regular and established places of business in the Eastern District of Texas that are substantially related to these acts of infringement.

**ANSWER:**    CDW denies that venue is proper in this Court. CDW otherwise denies the

allegations of this paragraph, and specifically denies any infringement of any valid and

enforceable claim of any patent identified in this Amended Complaint, and denies that it has

conducted any acts in this forum that subject it to specific or general jurisdiction as alleged.

11.    CDW, during the time frame when the Asserted Patents were in effect and thereafter, has made available and offered its cdw.com interactive website to persons located in the United States and the Eastern District of Texas. CDW's stores located in this District support its cdw.com e-commerce operation. In particular, CDW stores fulfill CDW's digital sales by, among other things, providing opportunities for in-store and curbside pick-up of products ordered through cdw.com.

**ANSWER:**    CDW admits that it has operated its website at cdw.com, and that versions of its

website were on the internet during the term of the patents-in-suit. CDW further states that the

version of CDW's website that is accused of infringement as identified in Plaintiff's complaint

(Version A) was on the internet more than six years prior to Plaintiff's filing of its complaint,

and not on the internet less than six years prior to Plaintiff's filing of its complaint. CDW also

states that another version of CDW's website that is accused of infringement as identified in

Plaintiff's complaint (Version B) was on the internet only after the expiration of the patents-in-

suit. Finally, CDW states that no version of CDW's website as accused of infringement and

identified in Plaintiff's complaint was on the internet during any period in which Plaintiff could

possibly collect damages. CDW denies all other allegations in this paragraph.

12.     CDW's office located in Plano, Texas in the Eastern District of Texas is a
physical, geographical location in the district from which the business of CDW is carried out.
This facility located in the Eastern District of Texas is a regular and established places of
business of CDW.

**ANSWER:**     CDW admits that it conducts business from its office located in Plano, Texas.

CDW denies all other allegations in this paragraph.

13.     The cdw.com website provided to persons residing in the State of Texas and in
particular the Eastern District of Texas implemented features and functionality that infringed the
Asserted Patents.

**ANSWER:**     CDW denies that it has made, used, offered for sale, sold, imported, advertised,

made available and/or marketed products and services that infringe and/or flow from

infringement of the patents-in-suit. CDW denies all other allegations in this paragraph.

## THE ASSERTED PATENTS

14.     On November 30, 1999, the United States Patent and Trademark Office issued
United States Patent No. 5,995,102 ("the `102 Patent") entitled "Server system and method for
modifying a cursor image," a true copy of which is attached as Exhibit 1.

**ANSWER:**     CDW admits that U.S. Patent No. 5,995,102 is titled "Server system and method

for modifying a cursor image" and that the face of the patent bears an issue date of November

30, 1999. CDW is without information sufficient to form a belief as to the remaining allegations

in this paragraph, and, on that basis, denies the same.

15.     On September 12, 2000, the United States Patent and Trademark Office issued United States Patent No. 6,118,449 ("the `449 Patent") entitled "Server system and method for modifying a cursor image," a true copy of which is attached as Exhibit 2.

**ANSWER:**     CDW admits that U.S. Patent No. 6,118,449 is titled "Server system and method

for modifying a cursor image," and that the face of the patent bears an issue date of September

12, 2000.  CDW is without information sufficient to form a belief as to the remaining allegations

in this paragraph, and, on that basis, denies the same.

16.     Lexos Media IP is the owner by assignment of these Asserted Patents and owns all right, title, and interest in the Asserted Patents, including the right to sue for and recover all past, present, and future damages for infringement of the Asserted Patents.

**ANSWER:**     CDW admits that the Patent Center on the USPTO website lists 10 separate

assignments for U.S. Patent No. 5,995,102, with the latest assignee listed as Lexos Media IP,

LLC.  CDW further admits that the Patent Center on the USPTO website list 6 separate

assignments for U.S. Patent No. 6,118,449, with the latest assignee listed as Lexos Media IP,

LLC.  CDW is without information sufficient to form a belief as to the remaining allegations

and, on that basis, denies the same.

## THE INNOVATION OF THE ASSERTED PATENTS

17.     The Asserted Patents are directed to improvements in the field of online advertising and provide technical solutions to problems being encountered in that burgeoning field. In order to put the innovation of the Asserted Patents into perspective, it bears emphasis that the application for the asserted `102 Patent was filed in June 1997, a mere few years after online advertisements emerged in the e-commerce marketplace. See https://en.wikipedia.org/wiki/Online_advertising.

**ANSWER:**     CDW denies the allegations of paragraph 17.

18.     At the time of the invention underlying the Asserted Patents, there were several drawbacks to prevalent forms of online advertising, such as banner advertisements, web page "frames," and "self-appearing" advertising screens. Thus, as the Asserted Patents emphasized, at the time of the invention of the Asserted Patents, "[t]here is a need for a simple means to deliver advertising elements without the annoyance of totally interrupting and intrusive content delivery, and without the passiveness of ordinary banner and frame advertisements which can be easily ignored."

**ANSWER:**     CDW denies the allegations of Paragraph 18.

19.     The Asserted Patents provided a specific technical solution to improve online advertising technology and overcome these problems. The specification of the Asserted Patents pointed out that, while it was not new at the time for pointers and cursors to change shape, "[i]n conventional systems, the appearance of the cursor or pointer does not change to correspond with on-line content being displayed on the screen."

**ANSWER:**     CDW denies the allegations of Paragraph 19.

20.     The claims of the Asserted Patents explain how the invention improves on conventional methods of online advertising. In particular, the Asserted Patents disclosed "a server system for modifying a cursor image to a specific image displayed on a video monitor of a remote user's terminal for the purposes of providing on-screen advertising."

**ANSWER:**     CDW denies the allegations of Paragraph 20.

21.     The claims of the Asserted Patents specifically teach how the invention works to provide the improved online advertising technology. A web browser retrieves a web page stored on a server that is then transmitted to and viewed by a user. The retrieved web page contains a set of predetermined instructions referred to as "cursor display instructions." The browser interprets the information contained in cursor display instructions and instructs the operating system of the user's terminal to bring about the change in appearance of the cursor within the web page. As the Asserted Patents explain, "the server system provides certain information that causes the cursor image on the video monitor of the user terminal to display an image as specified by the server system. As a result, the server system remotely defines and manages the shape and appearance of the cursor image in accordance with a pre-specified condition."

**ANSWER:**     CDW denies the allegations of Paragraph 21.

22.     The claims of the Asserted Patents contain steps or elements that embody this specific process for implementing the cursor modification invention and improving online advertising. The claims focus on a specific means or method that improves online advertising technology, and are not directed to a desired result or effect that itself merely employs generic processes and machinery. They claim a technological solution to the technological problems and drawbacks encountered in the prior art methods for creating effective online advertising – a specific process and system for modifying the appearance of a cursor implemented on the display of a user's computer. The asserted claims are directed to a new and useful technique for performing online advertising. They are not directed to a law of nature, natural phenomena, business method, or algorithm.

**ANSWER:**     CDW denies the allegations of Paragraph 22.

## THE ESTABLISHED VALIDITY OF THE ASSERTED PATENTS

23.     In 2018, Ralph Lauren ("RL") petitioned the U.S. Patent Trial and Appeal Board (the "PTAB") for inter partes review of the `102 and `449 Patents. In particular, RL petitioned

for inter partes review of claims 70-73 of the `102 Patent and claims 1-3, 5-7, 12-15, 27-29, 31-33, 38-41, 53-56, 58-63, 72-75, and 77-82 of the `449 Patent. Although the PTAB cancelled some of the claims, in two final written decisions, it found that RL had not shown that claims 70 and 72 of the `102 Patent and claims 1-3, 5-7, 12-15, 28, 29, 31, 32, 38, 39, 53-56, 58-63, 73-75, and 77-80 of the `449 Patent are unpatentable. RL appealed the PTAB's final written decisions, and the Federal Circuit affirmed those decisions.

**ANSWER:**     Upon information and belief, CDW admits that the U.S. Patent Trial and Appeal

Board conducted an inter partes review of the patents-in-suit. CDW otherwise denies the

allegations in this paragraph.

## THE CURSOR MODIFICATION ACCUSED INSTRUMENTALITY

24.     One of the innovations CDW has used to build the popularity and profitability of its cdw.com website is the cursor modification technology covered by the Asserted Patents (the "Accused Instrumentality"). For several years, CDW has shifted a meaningful amount of its marketing efforts to sales through its cdw.com website to enhance personalized offerings and promote customer satisfaction. CDW's adoption and continued use of the patented cursor modification technology has been an important aspect of its multichannel strategy to increase revenue and profits.

**ANSWER:**     CDW denies the allegations in Paragraph 24.

## FIRST CLAIM FOR RELIEF
## (INFRINGEMENT OF THE `102 PATENT)

25.     CDW has directly infringed Claim 72 of the `102 Patent by using the method claimed therein. In particular, CDW has infringed Claim 72 by using the claimed method when providing web pages to individuals for use on the cdw.com website.

**ANSWER:**     CDW denies the allegations in Paragraph 25.

26.     Since at least 2016, CDW has used a method via the Accused Instrumentality for modifying an initial cursor image displayed on a display of a user terminal connected to at least one server owned, operated and/or controlled by CDW.

**ANSWER:**     CDW denies the allegations in Paragraph 26.

27.     The method performed by CDW via the Accused Instrumentality has included the step of CDW receiving a request to provide a web page from the cdw.com website to a user terminal.

**ANSWER:**     CDW denies the allegations in Paragraph 27.

28.     The method performed by CDW via the Accused Instrumentality from the cdw.com website has included the step of CDW transmitting and providing a web page from the cdw.com website to the user terminal in response to the request for a web page.

**ANSWER:**     CDW denies the allegations in Paragraph 28.

29.     The web page provided by CDW via the Accused Instrumentality has included one or more instructions to modify an initial cursor image and contains data corresponding to a specific image displayed, or to be displayed, on a user's terminal that is a modification of an initial cursor image.

**ANSWER:**     CDW denies the allegations in Paragraph 29.

30.     The method performed by CDW via the Accused Instrumentality from the cdw.com website has included the step of CDW providing instructions and code that has controlled and transformed the initial cursor image displayed on the display of the user's terminal into a specific image with a particular shape and appearance in response to CDW's instructions.

**ANSWER:**     CDW denies the allegations in Paragraph 30.

31.     The transformed specific image resulting from CDW's infringing process has included content from the cdw.com website corresponding to at least a portion of the information that is to be displayed on the display of the user's terminal.

**ANSWER:**     CDW denies the allegations in Paragraph 31.

32.     An example of the display of a web page provided by the cdw.com website to a user's terminal before the initial cursor is transformed or modified appears below in Figure 1 in the form of an arrow.



Figure 1

9

**ANSWER:**     CDW denies the allegations in Paragraph 32. Figure 1 shows a version of

cdw.com (Version A) that was discontinued at least as early as November 21, 2015, more than

six years prior to Plaintiff initiating this action against CDW.  Further, the product pictured in

Figure 1, the "WD Arkeia Network Backup Appliance DA1300—Network Drive—4 TB," was

discontinued on March 1, 2015, also more than six years before the filing of this action, which is

confirmable, and was confirmable prior to the filing of this complaint, by publicly-available

website (https://www.cdw.com/product/wd-arkeia-network-backup-appliance-da1300-network-

drive-8-tb/3163039). A true and correct printout of this website is attached to this answer as

CDW's Exhibit 1. The November 2015 updates to the CDW website eliminated the accused

feature from cdw.com. CDW denies any infringement of the patents-in-suit at any point in time.

33.     The transformed specific image resulting from CDW's infringing process is
illustrated below in Figure 2, a screenshot of a web page displayed by the cdw.com website
reflecting the claimed specific image (the shaded, semi-transparent rectangle surrounding the
arrow appearing on the left side of the screenshot) and the claimed corresponding portion of the
web page displayed on the display of the website user's terminal (appearing on the right side of
the screenshot).



Figure 2

**ANSWER:**    CDW denies the allegations in Paragraph 33 and denies infringement at least because CDW at no time performs the step of "transforming said initial cursor image," as recited by claim 72 of the `102 Patent.  Like Figure 1, Figure 2 shows a version of cdw.com (Version A) that was discontinued at least as early as November 21, 2015, as discussed in answer to Paragraph 32.  Further, the functionality for displaying a grey rectangle that is depicted in Figure 2 had also already been discontinued more than six years before the filing of this action.  For example, a publicly-available archived snapshot of the cdw.com product page, as it appeared on January 1, 2016, is publicly available on the internet, demonstrating that the functionality depicted in Figure 2 was no longer in use. (https://web.archive.org/web/20160101064125/https://www.cdw.com/shop/products/Logitech-Optical-USB-Mouse-B100/2086051.aspx).

34.    The modification of the initial cursor depicted in Figure 1 to the specific image depicted in Figure 2 is a consequence of the user moving the cursor image over the display of the network backup appliance on the user's terminal.

**ANSWER:**    CDW denies the allegations of Paragraph 34. CDW denies that any "modification of the initial cursor," alleged in Paragraph 34, is depicted in Figure 2.

35.    The instructions provided by the cdw.com website to the user's terminal have indicated code provided and controlled by CDW that is operable to process the instructions to modify the initial cursor image to the image in the shape and appearance of the specific image responsive to movement of the cursor image over a display of at least a portion of the information to be displayed on the display of the user's terminal.

**ANSWER:**    CDW denies the allegations in Paragraph 35.

36.    The shaded, semi-transparent rectangle surrounding the image of the arrow is not a generic cursor image. Instead, it is an image that represents some or all of the subject matter being displayed on the web page. In particular, the shaded, semi-transparent rectangle is not merely the image of a hand, arrow or other form of functional cursor, but is an image that highlights and draws attention to the portion of the product or subject matter displayed on the web page that appears within the shaded box. That highlighting of, and attention drawn to, a portion of the product or subject matter displayed on the web page is enhanced by the enlarged display of that portion of the product or subject matter appearing within the shaded,

semitransparent rectangle to the right of the specific image. The specific image generated by CDW's Accused Instrumentality relates to the content being displayed on the screen.

**ANSWER:**   CDW denies the allegations in Paragraph 36. CDW denies that cdw.com has used

a "specific image," as recited by claim 72 of the '102 Patent to modify the cursor in any way.

Further, CDW denies any alleged infringement at least because there is not "an image

representative of at least a portion of the subject or topic being displayed on the screen," as the

claims are properly construed, and as this court has already construed the term from claim 72 of

the '102 Patent, "said specific image including content corresponding to at least a portion of said

information to be displayed on said display of said user's terminal." *Lexos Media IP, LLC v.*

*APMEX, Inc.*, No. 216CV00747JRGRSP, 2017 WL 1021366, at *6 (E.D. Tex. Mar. 16, 2017).

37.    To the extent that any required steps of the claim occurred on a device in the possession, custody, control of, or use by a third party, CDW performed those steps because it initiated and controlled the performance of those steps.

**ANSWER:**   CDW denies the allegations in Paragraph 37.

38.    Since at least 2016, CDW has continued to use the method described and depicted above with respect to its cdw.com website for years. For example, Figures 3-5 below reflect that CDW has used the cursor modification technology since long after 2016. In this example, the CDW website transforms the initial cursor, in Figure 3, to a specific image comprising an enlarged portion of the image of the screen of the displayed laptop computer, in Figures 4 and 5.



Figure 3



Figure 4



Figure 5

**ANSWER:**     CDW denies the allegations in Paragraph 38.  Figures 3-5 depict functionality of

cdw.com that was introduced no earlier than August 17, 2017 (Version B).  The functionality

depicted in Figures 3-5 was not in use before the expiration of the patents-in-suit on June 25,

2017.  Further, the product pictured in Figures 3-5, the "Asus VivoBook S15 S533EA-DH74 –

15.6"" was not introduced to market until October 2020, more than three years after the

expiration of the asserted patents, which is confirmable, and was confirmable prior to the filing

of this complaint, by a publicly-available website at https://kelaptop.com/en/asus-vivobook-s15-

s533ea-dh74-wh-s533ea-dh74-wh. A true and correct printout of which is attached to this

amended answer as CDW's Exhibit 2. The accused webpage could therefore not have been

published during the term of the asserted patents. Further, the functionality depicted in Figures 3-

5 does not infringe the patents-in-suit at least because it lacks the elements, "at least one

indication of cursor image data corresponding to a specific image" and "transforming said initial cursor image displayed on said display of said user terminal into the shape and appearance of said specific image," as recited by representative claim 72 of the `102 Patent.  Instead, the cursor is still visible and not "transform[ed] . . . into the shape and appearance of said specific image" in each of the figures: Figure 3 depicts the default arrow cursor; Figures 3 and 4 depict a pointer cursor.  Further, the appearance of an arrow cursor or a pointer cursor is specified by a computer's operating system, such as Windows by Microsoft Corporation or MacOS by Apple, Inc.  No "specific image" from cdw.com or any other website influences the appearance of an arrow cursor or a pointer cursor. In addition, this Court has already rejected any claim scope for these patents that would cover changes between "different pointer images" because such images are "independent of the subject or topic displayed on the screen." *Lexos Media IP, LLC v. APMEX, Inc*., No. 216CV00747JRGRSP, 2017 WL 1021366, at *4-9 (E.D. Tex. Mar. 16, 2017).

39.    The duty to mark under 35 U.S.C. § 287 is inapplicable to the asserted method claims of the `102 Patent. There is no applicable marking requirement that has not been complied with.

**ANSWER:**    Paragraph 39 entirely concerns a legal conclusion to which no answer is required. To the extent an answer is required, it is denied.

40.    Lexos Media IP has been damaged by CDW's activities that infringed Claim 72 of the `102 Patent.

**ANSWER:**    CDW denies the allegations in Paragraph 40.

### SECOND CLAIM FOR RELIEF
### (INFRINGEMENT OF THE `449 PATENT)

41.    CDW has directly infringed Claims 1, 38, and 53 of the `449 Patent by making and using those patented inventions in connection with providing individuals with access to the cdw.com website and to shop for products and services on the website. By doing so, CDW has infringed Claims 1 and 38 of the `449 Patent by making and using the claimed system and making the cdw.com website available to others for use. In addition, CDW has infringed Claim 53 of the `449 Patent by using the claimed method when providing the cdw.com website for use by others.

14

**ANSWER:**   CDW denies the allegations in Paragraph 41.

42.   Since at least 2016, CDW has made and used the accused server system for modifying a cursor image to a specific image having a desired shape and appearance displayed on a display of a remote user's terminal.

**ANSWER:**   CDW denies the allegations in Paragraph 42.  The accused cursor is not a

modified cursor, as discussed in response to Paragraph 33.

43.   Since at least 2016, the cdw.com website has transmitted a web page to a user's terminal in response to a request from the user terminal for the web page.

**ANSWER:**   CDW denies the allegations in Paragraph 43.

44.   Since at least 2016, the cdw.com website has provided to the user terminal a web page that has included data corresponding to the specific image to be displayed on the user's terminal.

**ANSWER:**   CDW denies the allegations in Paragraph 44.

45.   Since at least 2016, the cdw.com website has provided to the user terminal a web page that has included code which is operable to modify the cursor image on the display of the user's terminal.

**ANSWER:**   CDW denies the allegations in Paragraph 45.

46.   Since at least 2016, the cdw.com website has included a server computer for transmitting a web page to a remote user terminal which has included one or more instructions and an indication of the location of cursor image data.

**ANSWER:**   CDW denies the allegations in Paragraph 46.

47.   Since at least 2016, the web pages transmitted by CDW containing the instructions and code that have been operable to cause the user terminal to display a modified cursor image on the user's display in the shape and appearance of the specific image, reflected in Figures 1-5 above.

**ANSWER:**   CDW denies the allegations in Paragraph 47.

48.   Since at least 2016, the specific image displayed by CDW on the user's terminal has comprised information which has included content corresponding to at least a portion of the information to be displayed on the display of the user's terminal, as reflected in Figure 2, 4 and 5 above.

**ANSWER:**     CDW denies the allegations in Paragraph 48.  As discussed in response to

Paragraphs 32 and 33, Figures 1 and 2 show a version of cdw.com (Version A) that was

discontinued at least as early as November 21, 2015, more than six years prior to Plaintiff

initiating this action against CDW.  In addition, the product pictured in Figures 1 and 2, the "WD

Arkeia Network Backup Appliance DA1300—Network Drive—4 TB," was discontinued on

March 1, 2015, also more than six years before the filing of this action, which is confirmable,

and was confirmable prior to the filing of this complaint, by a publicly-available website  at

https://www.cdw.com/product/wd-arkeia-network-backup-appliance-da1300-network-drive-8-

tb/3163039. Ex. 1. The November 2015 updates to the CDW website eliminated the accused

feature from cdw.com. CDW denies any infringement of the patents-in-suit at any point in time.

Further, the functionality for displaying a grey rectangle that is depicted in Figure 2 had also

already been discontinued more than six years before the filing of this action.  For example, an

archived snapshot of the cdw.com product page, as it appeared on January 1, 2016, is publicly

available on the internet, demonstrating that the functionality depicted in Figure 2 was no longer

in use.

(https://web.archive.org/web/20160101064125/https://www.cdw.com/shop/products/Logitech-

Optical-USB-Mouse-B100/2086051.aspx),  Figures 3-5 depict functionality of cdw.com

(Version B) that was introduced no earlier than August 17, 2017.  The functionality depicted in

Figures 3-5 was not in use before the expiration of the patents-in-suit on June 25, 2017. Further,

the product pictured in Figures 3-5, the "Asus VivoBook S15 S533EA-DH74 – 15.6"" was not

introduced to market until October 2020, more than three years after the expiration of the

asserted patents, which is confirmable, and was confirmable prior to the filing of this complaint,

by a publicly-available website (https://kelaptop.com/en/asus-vivobook-s15-s533ea-dh74-wh-

s533ea-dh74-wh), Ex. 2. The accused webpage could therefore not have been published during the term of the asserted patents.

49.     Since at least 2016, the code from the cdw.com website has been operable to process the instructions to modify the cursor image to an image in the shape and appearance of the specific image in response to movement of the cursor image over a display of at least a portion of the information to be displayed on the display of the user's terminal.

**ANSWER:**     CDW denies the allegations in Paragraph 49.  As discussed in response to

Paragraphs 32, 33, and 48 Figures 1 and 2 show a version of cdw.com (Version A) that was

discontinued at least as early as November 21, 2015, more than six years prior to Plaintiff

initiating this action against CDW.  Further, the product pictured in Figures 1 and 2, the "WD

Arkeia Network Backup Appliance DA1300—Network Drive—4 TB," was discontinued on

March 1, 2015, also more than six years before the filing of this action, which is confirmable,

and was confirmable prior to the filing of this complaint, by publicly-available website

(https://www.cdw.com/product/wd-arkeia-network-backup-appliance-da1300-network-drive-8-

tb/3163039). Ex. 1. The November 2015 updates to the CDW website eliminated the accused

feature from cdw.com. CDW denies any infringement of the patents-in-suit at any point in time.

Further, the functionality for displaying a grey rectangle that is depicted in Figure 2 had also

already been discontinued more than six years before the filing of this action.  For example, an

archived snapshot of the cdw.com product page, as it appeared on January 1, 2016, is publicly

available on the internet, demonstrating that the functionality depicted in Figure 2 was no longer

in use.

(https://web.archive.org/web/20160101064125/https://www.cdw.com/shop/products/Logitech-

Optical-USB-Mouse-B100/2086051.aspx).  Figures 3-5 depict functionality of cdw.com

(Version B) that was introduced no earlier than August 17, 2017.  The functionality depicted in

Figures 3-5 was not in use before the expiration of the patents-in-suit on June 25, 2017. Further,

the product pictured in Figures 3-5, the "Asus VivoBook S15 S533EA-DH74 – 15.6"" was not introduced to market until October 2020, more than three years after the expiration of the '102 and '449 patents, which is confirmable, and was confirmable prior to the filing of this complaint, by a publicly-available website (https://kelaptop.com/en/asus-vivobook-s15-s533ea-dh74-wh-s533ea-dh74-wh). Ex. 2. The accused webpage could therefore not have been published during the term of the asserted patents.

50.     Since at least 2016, the resulting specific image displayed by the cdw.com website has been related to at least a portion of the information to be displayed on said display of the remote user's terminal.

**ANSWER:**     CDW denies the allegations in Paragraph 50.

51.     Figures 2, 4 and 5 set forth in Paragraphs 33 and 38 above depict examples of the claimed specific image and the claimed corresponding portion of the specified content information displayed by the cdw.com website on the display of the website user's terminal since at least 2016.

**ANSWER:**     CDW denies the allegations in Paragraph 51.

52.     CDW, through the cdw.com website, has used the claimed system for purposes of infringement and has put the claimed system into service. In particular, CDW has controlled each element of the system and the system as a whole and has obtained a benefit from doing so in the form of improved marketing of products and services sold by CDW through its website. CDW has provided and controlled any functionality required by the claimed system that has taken place on the user/customer's computer.

**ANSWER:**     CDW denies the allegations in Paragraph 52.

53.     Lexos Media IP incorporates by reference herein the allegations above in Paragraphs 26-38.

**ANSWER:**     CDW repeats and incorporates its responses to Paragraphs 26-38 to the extent that

Lexos has incorporated its allegations from those paragraphs into Paragraph 53.

54.     Since at least 2016, CDW has continued to put the claimed system into service.

**ANSWER:**     CDW denies the allegations in Paragraph 54.

55.     The duty to mark under 35 U.S.C. § 287 is inapplicable to the asserted method claim of the `449 Patent, and there are no unmarked "patented articles" that were sold or offered

for sale by Lexos Media IP or its licensees of the `449 Patent that were subject to § 287. In addition, Lexos Media marked its website, lexosmedia.com, with the patent numbers of the Asserted Patents.  Consequently, Lexos Media IP has complied with the marking requirement under § 287, to the extent it is applicable.

**ANSWER:**   CDW is without information sufficient to form a belief as to such allegations and,

on that basis, denies the same.

56.   Lexos Media IP has been damaged by CDW's infringing activities.

**ANSWER:**   CDW denies the allegations in Paragraph 56.

## PRAYER FOR RELIEF

57.   Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Lexos Media IP hereby demands a trial by jury of all issues so triable.

**ANSWER:**   CDW denies the allegations of Plaintiffs' Prayer for Relief and Jury Demand, and

denies that Plaintiffs are entitled to any of the requested relief.

## AFFIRMATIVE DEFENSES

1.      CDW has not infringed, and is not infringing, directly or indirectly, any valid claim of U.S. Patent No. 5,995,102 or U.S. Patent No. 6,118,449.

2.      Upon information and belief, and after a reasonable opportunity for further investigation and discovery, the claims of U.S. Patent No. 5,995,102 or U.S. Patent No. 6,118,449 are invalid for failing to satisfy one or more of the conditions of patentability of Title 35 of the United States Code, including, but not limited to, sections 101, 102, 103, and 112.

3.      Plaintiff has failed to state a claim against CDW upon which relief can be granted.

4.      Upon information and belief, some or all of the relief sought by Plaintiff is barred by the doctrine of prosecution history or judicial estoppel.

5.      Plaintiffs' claims and/or the damages sought are barred under the doctrine of laches, waiver or due to Plaintiff's acquiescence

6.      Plaintiff's claims are precluded to the extent that any accused product are supplied, directly or indirectly, to CDW or another entity, having an express or implied license or covenant not to sue.

7.      The relief sought by Plaintiff is barred in whole or in part by the terms of 35 U.S.C. sections 286 and 287.

8.      Any discovery may reveal the existence of other defenses, CDW reserves that right to seek leave to further amend this Answer and to allege any and all defenses that may be applicable.

WHEREFORE, CDW respectfully prays that this honorable Court enter judgment in this case as follows:

A.    Dismissing Plaintiff's Complaint in its entirety with prejudice and denying Plaintiff all relief;

B.    Awarding CDW its costs reasonably incurred in defending against this action;

C.    If the facts of this case warrant, declaring this case to be exceptional pursuant to section 285 of Title 35 of the United States Code and awarding CDW its attorneys' fees reasonably incurred in defending this action; and

D.    Awarding CDW such further relief as this honorable Court deems just.

Dated:  October 24, 2022

/s/ Benjamin T. Horton
Benjamin T. Horton (Reg. No. 6286428)
MARSHALL GERSTEIN & BORUN LLP
233 S. Wacker Dr., Suite 6300
Chicago, IL 60606
T: 312.474.6300
E: bhorton@marshallip.com

*Attorney for Defendant*
*CDW LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have

consented to electronic service are being served with a copy of this document via the Court's

CM/ECF system per Local Rule CV-5(a)(3) on October 24, 2022.


*/s/ Benjamin T. Horton*
Benjamin T. Horton