**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| LEXOS MEDIA IP, LLC, <br><br> v. <br><br> NIKE, INC. | § <br> § <br> § <br> § <br> § | CASE NO. 2:22-cv-00311-JRG <br> (Lead Case) |
| LEXOS MEDIA IP, LLC, <br><br> v. <br><br> CDW LLC | § <br> § <br> § <br> § <br> § | CASE NO. 2:22-cv-00275-JRG <br> (Member Case) |
| LEXOS MEDIA IP, LLC, <br><br> v. <br><br> ULTA BEAUTY, INC. | § <br> § <br> § <br> § <br> § | CASE NO. 2:22-cv-00292-JRG <br> (Member Case) |
| LEXOS MEDIA IP, LLC, <br><br> v. <br><br> THE GAP, INC. | § <br> § <br> § <br> § <br> § | CASE NO. 2:22-cv-00299-JRG <br> (Member Case) |
| LEXOS MEDIA IP, LLC, <br><br> v. <br><br> WALMART, INC., et al | § <br> § <br> § <br> § <br> § | CASE NO. 2:22-cv-00316-JRG <br> (Member Case) |
| LEXOS MEDIA IP, LLC, <br><br> v. <br><br> NORTHERN TOOL & EQUIPMENT COMPANY, INC. | § <br> § <br> § <br> § <br> § <br> § | CASE NO. 2:22-cv-00355-JRG <br> (Member Case) |

**PLAINTIFF LEXOS MEDIA IP, LLC'S ANSWER TO
ULTA BEAUTY, INC'S COUNTERCLAIMS**

Plaintiff Lexos Media IP, LLC ("Plaintiff" or "Lexos Media") hereby answers the Counterclaims of Ulta Beauty, Inc. ("Defendant" or "Ulta") filed on October 13, 2022, Dkt. No. 11, by corresponding paragraph number as follows:

## ANSWER TO ULTA'S COUNTERCLAIMS

Unless otherwise addressed herein with an admission, Plaintiff Lexos Media generally denies all allegations in the Counterclaims. Each specific allegation is addressed below:

## THE PARTIES

1. Counterclaim Plaintiff Ulta is a corporation organized and existing under the laws of Delaware with its principal place of business at 1000 Remington Blvd., Suite 120, Bolingbrook, Illinois.

**ANSWER:** Admitted.

2. On information and belief, Counterclaim Defendant Lexos is a Delaware limited liability company with its principal place of business at 555 Republic Drive, 2nd Floor, Plano, Texas 75074-5481.

**ANSWER:** Admitted.

## JURISDICTION AND VENUE

3. This is a declaratory judgment action arising under the patent laws of the United States, Title 35, United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). The requested relief is authorized by the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

**ANSWER:** Lexos Media IP admits that Ulta has brought Counterclaims but denies that Ulta is entitled to any relief based on its counterclaims. Lexos Media IP admits that this Court has subject matter jurisdiction.

4. This Court has personal jurisdiction over Counterclaim-Defendant because, among other reasons, Counterclaim-Defendant has availed itself of the legal protections of this District by voluntarily submitting to and employing the jurisdiction of this Court as the plaintiff in this matter and because Counterclaim-Defendant maintains its principal place of business in this District.

**ANSWER:** Admitted.

5. Venue is proper in this judicial district under 28 U.S.C. § 1400(b) because, among other reasons, Counterclaim-Defendant has voluntarily submitted to the jurisdiction of the Court in this matter and because Counterclaim-Defendant maintains its principal place of business in this District.

**ANSWER:** Admitted.

## BACKGROUND

6. On August 1, 2022, Lexos filed a Complaint alleging infringement of U.S. Patent Nos. 5,995,102 (the "'102 Patent") and 6,118,449 (the "'449 Patent") (collectively, the "Asserted Patents") by certain functionalities previously on Ulta's website.

**ANSWER:** Lexos Media IP admits that it filed a Complaint alleging infringement against Ulta on August 1, 2022.

7. Upon information and belief, the '102 Patent was issued on November 30, 1999 and is owned by Lexos.

**ANSWER:** Admitted.

8. Upon information and belief, the '449 Patent was issued on September 12, 2000 and is owned by Lexos.

**ANSWER:** Admitted.

9. Ulta has denied the alleged infringement of the Asserted Patents and has denied that the Asserted Patents are valid.

**ANSWER:** Lexos Media IP admits that Ulta filed an Answer to Plaintiff's Complaint on October 13, 2022, denying that Ulta infringed the Asserted Patents and denying that the Asserted Patents are valid.

10. There is an actual, substantial, continuing, and justiciable controversy between Ulta and Lexos regarding the noninfringement and invalidity for each of the Asserted Patents based on Lexos' allegations in their Complaint that Ulta has infringed the Asserted Patents.

**ANSWER:** Admitted.

## COUNT 1
### Declaratory Judgment of Noninfringement of the '102 Patent

11. Ulta repeats, realleges, and incorporates by reference its preceding responses as if set forth fully herein.

**ANSWER:** Lexos Media IP repeats and incorporates by reference its responses to Paragraphs 1 through 10 of Ulta's counterclaims.

12. Ulta has not infringed and does not infringe any valid and enforceable claim of the '102 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Denied.

13. Ulta has not infringed claim 72 of the '102 Patent or any other valid claim of the '102 Patent, either directly or indirectly, or literally or under the doctrine of equivalents. For example, Ulta has not performed at least the following claim limitations required by claim 72: "transforming said initial cursor image displayed on said display of said user terminal into the shape and appearance of said specific image in response to said cursor display instruction, wherein said specified content information includes information that is to be displayed on said display of

said user's terminal, wherein said specific image includes content corresponding to at least a portion of said information that is to be displayed on said display of said user's terminal" at least because the cursor that was provided on Ulta's website and the webpages therein never transformed into something that represents at least a portion of the underlying webpage content as required by this limitation.

**ANSWER:** Denied.

14. An actual and justiciable controversy exists between Ulta and Lexos regarding noninfringement of claims of the '102 Patent, including at least claim 72 of the '102 patent.

**ANSWER:** Admitted.

15. Ulta is entitled to a declaratory judgment that it does not infringe and has not infringed any valid and enforceable claim of the '102 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Denied.

## COUNT 2
**Declaratory Judgment of Noninfringement of the '449 Patent**

16. Ulta repeats, realleges, and incorporates by reference its preceding responses as if set forth fully herein.

**ANSWER:** Lexos Media IP repeats and incorporates by reference its responses to Paragraphs 1 through 15 of Ulta's counterclaims.

17. Ulta has not infringed and does not infringe any valid and enforceable claim of the '449 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Denied.

18. Ulta has not infringed claims 1, 38, and/or 53 of the '449 Patent or any other valid claim of the '449 Patent, either directly or indirectly, or literally or under the doctrine of equivalents. For example, Ulta has not performed at least the following claim limitations required by claims 1, 38, and 53: "said specific image including content corresponding to at least a portion of said information to be displayed on said display of said user's terminal" at least because the cursor that was provided on Ulta's website and the webpages therein never transformed into something that represents at least a portion of the underlying webpage content as required by this limitation.

**ANSWER:** Denied**.**

19. An actual and justiciable controversy exists between Ulta and Lexos regarding noninfringement of claims of the '449 Patent, including at least claims 1, 38 and/or 53 of the '449 patent.

**ANSWER:** Admitted**.**

20. Ulta is entitled to a declaratory judgment that it does not infringe and has not infringed any valid and enforceable claim of the '449 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Denied**.**

## COUNT 3
**Declaratory Judgment of Invalidity of the '102 Patent**

21. Ulta repeats, realleges, and incorporates by reference its preceding responses as if set forth fully herein.

**ANSWER:** Lexos Media IP repeats and incorporates by reference its responses to Paragraphs 1 through 20 of Ulta's counterclaims.

22. Ulta alleges that the claims of the '102 Patent are invalid for failure to satisfy the requirements of the Patent Act, Title 35 of the United States Code, including one or more of 35 U.S.C. §§ 102, 103, and/or 112. For example, at least one or more of the asserted claims of the '102 Patent are invalid under 35 U.S.C. §§ 102 and/or 103, at least in view of the following references, alone or in combination with other prior art: U.S. Patent Nos. 5,736,974 and/or 5,801,704. Additionally, for example, one or more of the asserted claims of the '102 Patent are invalid under 35 U.S.C. § 112, such as for indefiniteness or lack of enablement of the full scope of those claims.

**ANSWER:** Denied.

23. Further, the '102 Patent is invalid under 35 U.S.C. § 101 for failing to claim patent eligible subject matter. The '102 Patent is directed to the abstract idea of modifying a cursor image to be more closely associated with a webpage's content through use of a server system. The claimed subject matter recites nothing more than using a generic technological environment, such as a generic server and computer, in a well-known way to implement the abstract idea of modifying a cursor image.

**ANSWER:** Denied.

24. An actual and justiciable controversy exists between Ulta and Lexos regarding the invalidity of claims of the '102 Patent, including at least claim 72 of the '102 Patent.

**ANSWER:** Admitted.

25. Accordingly, Ulta hereby seeks entry of a declaratory judgment that the claims of the '102 Patent are invalid.

**ANSWER:** Lexos Media IP denies that Ulta is entitled to a declaratory judgment that the claims of the '102 Patent are invalid.

## COUNT 4
## Declaratory Judgment of Invalidity of the '449 Patent

26. Ulta repeats, realleges, and incorporates by reference its preceding responses as if set forth fully herein.

**ANSWER:** Lexos Media IP repeats and incorporates by reference its responses to Paragraphs 1 through 25 of Ulta's counterclaims.

27. Ulta alleges that the claims of the '449 Patent are invalid for failure to satisfy the requirements of the Patent Act, Title 35 of the United States Code, including one or more of 35 U.S.C. §§ 102, 103, and/or 112. For example, at least one or more of the asserted claims of the '102 Patent are invalid under 35 U.S.C. §§ 102 and/or 103, at least in view of the following references, alone or in combination with other prior art: U.S. Patent Nos. 5,736,974 and/or 5,801,704. Additionally, for example, one or more of the asserted claims of the '449 Patent are invalid under 35 U.S.C. § 112, such as for indefiniteness or lack of enablement of the full scope of those claims.

**ANSWER:** Denied.

28. Further, the '449 Patent is invalid under 35 U.S.C. § 101 for failing to claim patent eligible subject matter. The '449 Patent is directed to the abstract idea of modifying a cursor image to be more closely associated with a webpage's content through use of a server system. The claimed subject matter recites nothing more than using a generic technological environment, such as a generic server and computer, in a well-known way to implement the abstract idea of modifying a cursor image.

**ANSWER:** Denied.

29. An actual and justiciable controversy exists between Ulta and Lexos regarding the invalidity of claims of the '449 Patent, including at least claims 1, 38 and/or 53 of the '449 Patent.

ANSWER: Admitted.

30. Accordingly, Ulta hereby seeks entry of a declaratory judgment that the claims of the '449 Patent are invalid.

ANSWER: Lexos Media IP denies that Ulta is entitled to a declaratory judgment that the claims of the '449 Patent are invalid.

## JURY DEMAND

Ulta demands a trial by jury on all issues so triable.

ANSWER: Ulta's jury demand does not contain an allegation that requires a response from Lexos Media IP.

## PRAYER FOR RELIEF

ANSWER: Ulta's Prayer for Relief does not contain an allegation that requires a response from Lexos Media IP. In the event a response is required, Lexos Media IP denies all allegations and denies that Ulta is entitled to any relief.

Dated: November 3, 2022	Respectfully Submitted,

**BUETHER JOE & COUNSELORS, LLC**

By: /s/ *Kenneth P. Kula*
　　Eric W. Buether
　　State Bar No. 03316880
　　Christopher M. Joe
　　State Bar No. 00787770
　　Chris.Joe@BJCIPLaw.com
　　Kenneth P. Kula
　　State Bar No. 24004749
　　Ken.Kula@BJCIPLaw.com

　　1700 Pacific Avenue
　　Suite No. 4750
　　Dallas, TX 75201

　　Direct 214.466.1272
　　Fax 214.635-1828

**ATTORNEYS FOR PLAINTIFF
LEXOS MEDIA IP, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's cm/ECF system on November 3rd, 2022.

　　　　　　　　/s/ *Kenneth P. Kula*
　　　　　　　　Kenneth P. Kula