# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| LEXOS MEDIA IP, LLC, | § § | |
| v. | § § | CASE NO. 2:22-cv-00311-JRG (Lead Case) |
| NIKE, INC. | § | |

| | | |
|---|---|---|
| LEXOS MEDIA IP, LLC, | § § | |
| v. | § § | CASE NO. 2:22-cv-00275-JRG (Member Case) |
| CDW LLC | § | |

| | | |
|---|---|---|
| LEXOS MEDIA IP, LLC, | § § | |
| v. | § § | CASE NO. 2:22-cv-00292-JRG (Member Case) |
| ULTA BEAUTY, INC. | § | |

| | | |
|---|---|---|
| LEXOS MEDIA IP, LLC, | § § | |
| v. | § § | CASE NO. 2:22-cv-00299-JRG (Member Case) |
| THE GAP, INC. | § | |

| | | |
|---|---|---|
| LEXOS MEDIA IP, LLC, | § § | |
| v. | § § | CASE NO. 2:22-cv-00316-JRG (Member Case) |
| WALMART, INC., et al | § | |

| | | |
|---|---|---|
| LEXOS MEDIA IP, LLC, | § § | |
| v. | § § | CASE NO. 2:22-cv-00355-JRG (Member Case) |
| NORTHERN TOOL & EQUIPMENT COMPANY, INC. | § § | |

## PLAINTIFF LEXOS MEDIA IP, LLC'S ANSWER TO WALMART, INC. AND WAL-MART.COM USA'S COUNTERCLAIMS

Plaintiff Lexos Media IP, LLC ("Plaintiff" or "Lexos Media") hereby answers the Counterclaims of Walmart, Inc. and Wal-Mart.com USA ("Defendant" or "Walmart") filed on October 24, 2022, Dkt. No. 10, by corresponding paragraph number as follows:

## ANSWER TO COUNTERCLAIMS

Unless otherwise addressed herein with an admission, Plaintiff Lexos Media generally denies all allegations in the Counterclaims. Each specific allegation is addressed below:

## THE PARTIES

1. Walmart is a corporation organized under the laws of Delaware.

**ANSWER:** Admitted.

2. Wal-Mart.com USA, LLC is a corporation organized under the laws of California.

**ANSWER:** Admitted.

3. On information and belief, based on representations made in the Complaint, Lexos Media IP is a corporation organized under the laws of Delaware with its principal place of business at 555 Republic Drive, 2nd Floor, Plano, Texas 75074-5481.

**ANSWER:** Admitted.

## JURISDICTION AND VENUE

4. Walmart brings these counterclaims under the patent laws of the United States, 35 U.S.C. § 1 *et seq*., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (federal question), 1338(a) (patents), 2201 and 2202 (declaratory judgment), and 1367(a) (supplemental jurisdiction).

**ANSWER:** Admitted.

5. Lexos IP has consented to personal jurisdiction in this Court by virtue of filing its Complaint in the above-captioned case.

**ANSWER:** Admitted.

6.      Venue is proper with respect to each of the following Counterclaims pursuant to 28 U.S.C. § 1391.

**ANSWER:** Admitted.

<b><u>FIRST COUNTERCLAIM</u></b><br/><b><u>DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '102 PATENT</u></b>

7.      Walmart repeats and incorporates by reference the allegations contained in the preceding paragraphs of this Answer as if set forth fully herein.

**ANSWER:**  Lexos Media IP repeats and incorporates by reference its responses to Paragraphs 1 through 6 of Walmart's counterclaims.

8.      Lexos Media IP purports to charge Walmart with infringement of the '102 Patent in its Complaint.

**ANSWER:** Admitted.

9.      Walmart has not directly infringed, induced infringement, or contributed to infringement, and does not directly infringe, induce infringement, or contribute to infringement, of any valid and enforceable claim of the '102 Patent, either literally or under the Doctrine of Equivalents, and has not otherwise committed any acts in violation of 35 U.S.C. § 271.

**ANSWER:** Denied.

10.     An actual and justiciable controversy exists between Walmart and Lexos Media IP with respect to the infringement of the '102 Patent, because Lexos Media IP has filed the instant Complaint alleging that Walmart infringes the '102 Patent and Walmart denies that allegation.

**ANSWER:** Admitted.

11.     A judicial declaration of non-infringement is necessary and appropriate in order to resolve this controversy and to prevent Lexos Media IP from wrongfully continuing to allege that Walmart infringes the '102 Patent.

**ANSWER:** Denied.

12.     Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Walmart requests the declaration of the Court that Walmart does not infringe and has not infringed each and every claim of the '102 Patent.

**ANSWER:** Lexos Media denies that the Court should enter a declaration that Walmart does not infringe or has not infringed each and every claim of the '102 Patent.

## SECOND COUNTERCLAIM
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '102 PATENT

13.     Walmart repeats and incorporates by reference the allegations contained in preceding paragraphs of this Answer as if set forth fully herein.

**ANSWER:** Lexos Media IP repeats and incorporates by reference its responses to Paragraphs 1 through 12 of Walmart's counterclaims.

14.     Lexos Media IP purports to charge Walmart with infringement of the '102 Patent in its Complaint.

**ANSWER:** Admitted.

15.     Lexos Media IP asserts that the '102 Patent is valid and enforceable.

**ANSWER:** Admitted.

16.     The claims of the '102 Patent are neither valid nor enforceable for failure to comply with the requirements of patentability, including without limitation failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 251.

**ANSWER:** Denied.

17.     An actual and justiciable controversy exists between Walmart and Lexos Media IP with respect to the validity of the '102 Patent, because Lexos Media IP has filed the instant Complaint alleging that Walmart infringes valid and enforceable claims of the '102 Patent and Walmart denies that allegation.

**ANSWER:** Admitted.

18.     A judicial declaration of invalidity is necessary and appropriate in order to resolve this controversy and to prevent Lexos Media IP from wrongfully continuing to allege that Walmart infringes the valid and enforceable claims of the '102 Patent.

**ANSWER:** Denied.

19.     Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Walmart requests the declaration of the Court that the asserted claims of the '102 Patent are invalid.

**ANSWER:** Lexos Media denies that the Court should enter a declaration that the asserted claims of the '102 Patent are invalid.

**THIRD COUNTERCLAIM**
**DECLARATORY JUDGMENT OF NON-INFRINFEMENT OF THE '449 PATENT**

20.     Walmart repeats and incorporates by reference the allegations contained in the preceding paragraphs of this Answer as if set forth fully herein.

**ANSWER:** Lexos Media IP repeats and incorporates by reference its responses to Paragraphs 1 through 19 of Walmart's counterclaims.

21.     Lexos Media IP purports to charge Walmart with infringement of the '449 Patent in its Complaint.

**ANSWER:** Admitted.

22.     Walmart has not directly infringed, induced infringement, or contributed to infringement, and does not directly infringe, induce infringement, or contribute to infringement,

of any valid and enforceable claim of the '449 Patent, either literally or under the Doctrine of Equivalents, and has not otherwise committed any acts in violation of 35 U.S.C. § 271.

**ANSWER:** Denied.

23.     An actual and justiciable controversy exists between Walmart and Lexos Media IP with respect to the infringement of the '449 Patent, because Lexos Media IP has filed the instant Complaint alleging that Walmart infringes the '449 Patent and Walmart denies that allegation.

**ANSWER:** Admitted.

24.     A judicial declaration of non-infringement is necessary and appropriate in order to resolve this controversy and to prevent Lexos Media IP from wrongfully continuing to allege that Walmart infringes the '449 Patent.

**ANSWER:** Denied.

25.     Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Walmart requests the declaration of the Court that Walmart does not infringe and has not infringed each and every claim of the '449 Patent.

**ANSWER:** Lexos Media denies that the Court should enter a declaration that Walmart does not infringe or has not infringed each and every claim of the '449 Patent.

## FOURTH COUNTERCLAIM
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '449 PATENT

26.     Walmart repeats and incorporates by reference the allegations contained in preceding paragraphs of this Answer as if set forth fully herein.

**ANSWER:** Lexos Media IP repeats and incorporates by reference its responses to Paragraphs 1 through 25 of Walmart's counterclaims.

27.     Lexos Media IP purports to charge Walmart with infringement of the '449 Patent in its Complaint.

**ANSWER:** Admitted.

28.     Lexos Media IP asserts that the '449 Patent is valid and enforceable.

**ANSWER:** Admitted.

29.     The claims of the '449 Patent are neither valid nor enforceable for failure to comply with the requirements of patentability, including without limitation failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 251.

**ANSWER:** Denied.

30.     An actual and justiciable controversy exists between Walmart and Lexos Media IP with respect to the validity of the '449 Patent, because Lexos Media IP has filed the instant Complaint alleging that Walmart infringes valid and enforceable claims of the '449 Patent and Walmart denies that allegation.

**ANSWER:** Admitted.

31.     A judicial declaration of invalidity is necessary and appropriate in order to resolve this controversy and to prevent Lexos Media IP from wrongfully continuing to allege that Walmart infringes the valid and enforceable claims of the '449 Patent.

**ANSWER:** Denied.

32.     Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Walmart requests the declaration of the Court that the asserted claims of the '449 Patent are invalid.

**ANSWER:** Lexos Media denies that the Court should enter a declaration that the asserted claims of the '449 Patent are invalid.

## JURY DEMAND

33.     Walmart demands a trial by jury on all issues so triable.

**ANSWER:**  Walmart's jury demand does not contain an allegation that requires a response from Lexos Media.

## REQUEST FOR RELIEF

**ANSWER**: Walmarts' Request for Relief does not contain an allegation that requires a response from Lexos Media. In the event a response is required, Lexos Media denies all allegations and denies that Walmart is entitled to any relief.


Dated: November 14, 2022                    Respectfully submitted,

**BUETHER JOE & COUNSELORS, LLC**

By:  */s/ Kenneth P. Kula*
    Eric W. Buether
    State Bar No. 03316880
    Christopher M. Joe
    State Bar No. 00787770
    Chris.Joe@BJCIPLaw.com
    Kenneth P. Kula
    State Bar No. 24004749
    Ken.Kula@BJCIPLaw.com

    1700 Pacific Avenue
    Suite No. 4750
    Dallas, TX 75201
    Direct 214.466.1272
    Fax 214.635-1828

**ATTORNEYS FOR PLAINTIFF**
**LEXOS MEDIA IP, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on this 14th day of November 2022. Any other counsel of record will be served by facsimile transmission or first class mail.

/s/ Kenneth P. Kula
Kenneth P. Kula