IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| LEXOS MEDIA IP, LLC<br><br>  Plaintiff,<br><br>  v.<br><br>NIKE, INC.,<br><br>  Defendant. | Case No.: 2:22- cv-00311-JRG<br>*(Lead Case)* |
| LEXOS MEDIA IP, LLC<br><br>  Plaintiff,<br><br>  v.<br><br>THE GAP, INC.,<br><br>  Defendant. | Case No.: 2:22- cv-00299-JRG<br>*(Member Case)*<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT THE GAP, INC.'S
ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant The Gap, Inc. ("Gap") answers the complaint of plaintiff Lexos Media IP, LLC ("Lexos") as follows:

## PARTIES

1. Gap lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the complaint.

2. Gap lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the complaint.

3. Gap admits that Gap is a Delaware corporation with its principal place of business at Two Folsom Street, San Francisco, California 94105 and that Gap may be served with process through its registered agent The Corporation Trust Company.

4. Gap admits that Gap owns a brand, and is the parent of additional subsidiaries that themselves own a collection of brands, offering apparel, accessories, and personal care products for women, men, and children under the Old Navy, GAP, and Athleta brands, among others.

5. Gap can neither admit nor deny whether it sells to consumers through "third-party arrangements" given the ambiguity of that term. Gap admits that it offers products via its online website and through brick-and-mortar stores.

6. Gap admits that Gap has owned and operated several e-commerce retail websites which have included Gap.com, OldNavy.com, Athleta.com, and GapFactory.com. Gap admits that terms of use govern the use of its websites, but can neither admit nor deny that it "issued" terms of use given the ambiguity of that term.

## JURISDICTION AND VENUE

7. Gap admits that plaintiff purports to attempt to state a claim under the patent laws of the United States, Title 35, United States Code, but denies that plaintiff has done so.

8. Gap does not contest that this Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331 and 1338(a).

9. Denied.

10. Gap admits that it operates approximately 45 stores in Texas and has more than five thousand employees who reside in Texas. Gap denies the remaining allegations of paragraph 10 of the complaint.

11. Gap asserts that its annual report speaks for itself. Gap denies that the ability to pick up items from or return items to a store means that Gap is practicing any claim in this District because the claims do not recite picking items up from or returning items to a brick-and-mortar store.

12. Denied.

13. Denied.

14. Gap admits that customers may access Gap's websites from anywhere in the United States, including this District.

15. Denied.

16. Denied.

17. Gap admits that it conducts its business operations in the State of Texas through brick-and-mortar stores located in Texas and that Gap currently operates stores in this District in Allen, Frisco, and Plano.

18. Admitted.

19. Admitted.

## THE ASSERTED PATENTS

20. Gap lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the complaint.

21. Gap lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the complaint.

22. Gap lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the complaint.

## THE INNOVATION OF THE ASSERTED PATENTS

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

## THE ESTABLISHED VALIDITY OF THE ASSERTED PATENTS

29. Gap lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the complaint.

## THE CURSOR MODIFICATION ACCUSED INSTRUMENTALITIES

30. Denied.

## FIRST CLAIM FOR RELIEF
### (Infringement of the '102 Patent)

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Gap avers that it appears plaintiff has selected an image from 2022, given the display of the year on merchandise, and denies the allegations of paragraph 45.

46. Denied.

47. Denied.

48. Gap lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 of the complaint.

49. Denied.

**SECOND CLAIM FOR RELIEF**
**(Infringement of the '449 Patent)**

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Gap incorporates by reference its responses to paragraphs 1–61 as if fully set forth herein.

63. Denied.

64. Gap lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 of the complaint.

65. Denied.

## DEMAND FOR JURY TRIAL

66. No answer is required for paragraph 66 of the complaint.

## PRAYER FOR RELIEF

Gap denies that plaintiff is entitled to any relief from it, including the relief prayed for in plaintiff's Prayer for Relief.

## GENERAL DENIAL

Except as expressly admitted herein, Gap denies each and every allegation of plaintiff's complaint.

## ADDITIONAL DEFENSES

Further answering and as additional defenses, Gap states the following without admitting any allegation of the complaint not otherwise admitted and without assuming the burden of proving any fact that is otherwise plaintiff's burden to prove. Gap reserves the right to amend or augment these defenses based on further investigation and discovery.

### FIRST ADDITIONAL DEFENSE
### (NO INFRINGEMENT)

1. Gap does not infringe and has not infringed the asserted patents.

### SECOND ADDITIONAL DEFENSE
### (LACK OF NOTICE)

2. Plaintiff did not give notice of its claim prior to expiration of the patents. If infringement occurred, Gap's involvement was innocent and without notice.

### THIRD ADDITIONAL DEFENSE
### (FAILURE TO MITIGATE DAMAGES)

3. Plaintiff's claims against Gap, if any, are barred, in whole or in part, by failure to mitigate damages.

### FOURTH ADDITIONAL DEFENSE
### (FAILURE TO STATE A CLAIM)

4. Plaintiff has failed to state a claim against Gap upon which relief can be granted.

### FIFTH ADDITIONAL DEFENSE
### (STATUTE OF LIMITATIONS)

5. Any claim by plaintiff is limited by the six-year statute of limitations.

### SIXTH ADDITIONAL DEFENSE
### (INVALIDITY)

6. The claims of U.S. Patent No. 5,995,102 or U.S. Patent No. 6,118,449 are invalid for failing to satisfy one or more of the conditions of patentability of Title 35 of the United States Code, including, but not limited to, Sections 101, 102, 103, and 112.

## SEVENTH ADDITIONAL DEFENSE
### (PROSECUTION LACHES)

7. Plaintiff's enforcement of U.S. Patent No. 5,995,102 or U.S. Patent No. 6,118,449 is barred by the equitable doctrine of prosecution laches.

## EIGHTH ADDITIONAL DEFENSE
### (DAMAGES LIMITED)

8. Some or all of plaintiff's claims for damages are statutorily barred, in whole or in part, based on 35 U.S.C. §286 and/or §287.

## NINTH ADDITIONAL DEFENSE
### (DEDICATION TO THE PUBLIC)

9. Plaintiff has dedicated to the public any method, system, and/or product disclosed in U.S. Patent No. 5,995,102 or U.S. Patent No. 6,118,449 but not literally claimed therein and is therefore estopped from claiming infringement by any such public domain method, system, and/or product.

## TENTH ADDITIONAL DEFENSE
### (SUBSTANTIAL NON-INFRINGING USE)

10. The accused products and their components have substantial non-infringing uses and therefore Gap does not contribute to the alleged infringement of any claims of U.S. Patent No. 5,995,102 or U.S. Patent No. 6,118,449.

## ELEVENTH ADDITIONAL DEFENSE
### (INJUNCTIVE RELIEF UNAVAILABLE)

11. Plaintiff is not entitled to injunctive relief because any alleged injury to plaintiff is not immediate or irreparable, the patents have expired, and plaintiff has an adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Gap prays for the following relief:

1. A judgment dismissing in its entirety plaintiff's complaint against Gap, with prejudice, and finding that plaintiff recovers nothing thereon;

2. A judgment declaring that Gap has not infringed the asserted patents;

3. That the Court find this is an exceptional case, and award Gap full costs and expenses of litigation, including reasonable attorneys' fees; and

4. Such other and further relief as this Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Gap hereby demands a jury trial on all issues so triable.

November 23, 2022　　　　　　　　　　　　　　　Respectfully submitted,

/s/ *Robert T. Cruzen*
Robert T. Cruzen
rob.cruzen@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, OR 97204
Telephone: (503) 595-5300
Fax: (503) 595-5301

Eric H. Findlay
efindlay@findlaycraft.com
Findlay Craft, P.C.
102 North College Avenue
Suite 900
Tyler, TX 75702
Telephone: (903) 534-1100
Fax: (903) 534-1137

Counsel for
THE GAP, INC.

# CERTIFICATE OF SERVICE

Pursuant to Local Rule CV-5(c), I hereby certify that on the 23rd day of November, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record in this matter.

/s/ *Robert T. Cruzen*
Robert T. Cruzen
